UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AIRWAIR USA<br>Plaintiff<br>v.<br>UNITED STATES,<br>Defendant. | ORIGINAL<br>Court No: 01-00827 |

COMPLAINT

Plaintiff, through its undersigned attorneys, alleges the following as its complaint in this action:

Jurisdiction

1. This is an action to recover Harbor Maintenance Taxes paid by plaintiff to the defendant United States on or after March 17, 1993, pursuant to 26 U.S.C. §§ 4461, 4462 and 19 C.F.R. § 24.24. Because the resolution of plaintiff's claim requires a determination as to the constitutionality of an act of Congress, the exhaustion of administrative remedies is neither required nor appropriate. The Court has jurisdiction of this action under 26 U.S.C. § 4462(f)(2) and 28 U.S.C. § 1581(i). See Thomson Consumer Electronics, Inc. v. United States, Court No. 95-03-00277, which has been designated by this court as a test case to litigate the constitutionality of the import Harbor Maintenance Tax. This action has been commenced within the limitation period specified in 28 U.S.C. § 2636(i).





Standing

2. Plaintiff, AirWair USA, a corporation duly organized and existing in the State of Oregon, has standing to file this action, being the importer and the real party in interest.

3. Plaintiff contends that the exhaustion of administrative remedies was precluded in the instant case in the absence of a Customs "decision" which could be protested under 19 U.S.C. § 1514(a).

4. In connection with its importations, plaintiff has become libel for and paid import Harbor Maintenance Taxes. Plaintiff has standing to commence this action under 28 U.S.C. § 2631(i).

Facts

5. Section 4461 of Title 26, United States Code, imposes a Harbor Maintenance Tax on commercial cargo exported from and imported into the United States on commercial vessels. The amount of the tax is equal to 0.125% of the value of the commercial cargo involved.

6. Plaintiff imported into the United States various types of commercial cargo on commercial vessels.

Count I

7. The allegations of paragraphs 1 through 6 are restated and incorporated herein by reference.

8. Article I, Section 9, Clause 5 of the Constitution of the United States of America provides that: "No Tax or Duty shall be laid on Articles exported from any State."

9. The United States' assessment of Harbor Maintenance Taxes on Plaintiff's merchandise exported from the United States violates the Constitution of the United States of America. See United States v. United States Shoe Corp., 118 S. Ct. 1290 (1998).

Count II

10. The allegations of paragraphs 1 through 9 are restated and incorporated herein by reference.

11. The imposition of Harbor Maintenance Taxes on imports but not exports would violate the United States' international treaty obligations at least with respect to national treatment of foreign origin merchandise and the bound rates of duty applicable to imported merchandise.

12. The statute imposing Harbor Maintenance Taxes does not function lawfully without the imposition of such taxes on both imports and exports, and the United States Congress would not have enacted a statute imposing Harbor Maintenance Taxes on imports but not exports. Therefore, if the Harbor Maintenance Tax imposed on exports is unconstitutional, the statute imposing the tax must be declared invalid in its entirety.

**WHEREFORE**, Plaintiff respectfully requests the Court to enter judgment:

1) Holding that the assessment of Harbor Maintenance Taxes on articles imported into the United States violates the Constitution of the United States;

2) Holding that Section 4461 of Title 26, United States Code is not severable as the imposition of Harbor Maintenance Taxes on imports but not exports would violate the United States' international treaty obligations;

3) Ordering the United States to stop assessing Harbor Maintenance Taxes on articles imported into the United States by plaintiff;

4) Directing the United States to refund to plaintiff with interest the Harbor Maintenance Taxes paid by plaintiff in connection with articles exported from and imported into the United States; and

5) Granting plaintiff such other and further relief as the Court deems appropriate.

Dated: September 28, 2001

Respectfully submitted,

By: ______________________
George R. Tuttle, Sr.

Law Offices Of
GEORGE R. TUTTLE,
A Professional Corporation
Three Embarcadero Center, #1160
San Francisco, CA 94111
Tel: (415) 986-8780

# PROOF OF SERVICE

I, the undersigned, state:

That I am and was at all times herein mentioned, a citizen of the United States and a resident of the County of San Francisco, over the age of eighteen years, and not a party to the within action or proceeding; that on September 28, 2001, I served the within Summons and Complaint on the Civil Division, Department of Justice, in said action or proceedings, by depositing a true copy thereof in the mail receptacle located at Three Embarcadero Center, San Francisco, California addressed to the attorney of record for said defendant at the office of said attorney as follows:

Joseph I. Liebman, Esq.
Attorney In Charge
International Trade Field Office
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza
New York, NY 10278-0001
Attorneys for Defendant
United States of America

Executed on September 28, 2001, at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

Maria Alma U. Aldea

Court No.: 01-00827

RECEIVED & FILED
2001 OCT -4 P 3:19
U.S. COURT OF
INTERNATIONAL TRADE
LEO M. GORDON, CLERK

IN ACCORDANCE WITH THE PROVISION OF RULE 5(e). THIS PAPER IS DEEMED FILED AS OF THE DATE OF MAILING- TO WIT 9/28